UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PATRICIA SUSAN STANCLIFF | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | NO. 3:17-cv-00181 |
| | ] | JUDGE CRENSHAW |
| DEPUTY TAYLOR NOTGRASS, et al. | ] | |
| Defendants. | ] | |

# M E M O R A N D U M

The Plaintiff, proceeding *pro se*, is a resident of Murfreesboro, Tennessee. She brings this action against the Rutherford County Sheriff's Department and one of its deputies, Taylor Notgrass, seeking damages.

On June 18, 2015, Deputy Notgrass stopped the Plaintiff's car. In his Affidavit of Complaint, the deputy stated that he stopped the vehicle because it failed "to maintain lane and failure to stop at a stop sign".[1] The deputy noticed that the Plaintiff's eyes appeared to be "bloodshot, glassy, constricted pupils and droopy eyelids." He subsequently administered a field sobriety test that he claims the Plaintiff failed.

The Plaintiff was placed under arrest and charged with driving under the influence of an intoxicant. A blood test later was negative for any alcohol in the Plaintiff's system. The charge against her was dropped and the arrest was expunged from Plaintiff's record. The Plaintiff now claims that, given the results of the blood test, she was maliciously prosecuted in violation of her

---

[1] The Affidavit of Complaint is attached as an exhibit to the Complaint.

1

rights under the Fourth Amendment.

In Tennessee, the tort of malicious prosecution has four elements. These elements include (1) that the defendant brought an action against the Plaintiff; (2) that the action was terminated in the Plaintiff's favor; (3) that the defendant acted with malice; and (4) that the defendant acted without probable cause. Lawson v. Kroger Co., 997 F.2d 214, 216 (6th Cir. 1993).

While it is clear that the Plaintiff has satisfied the first two elements of her cause of action, there has been no showing of either malice or the lack of probable cause. A valid arrest and prosecution based upon then-existing probable cause is not vitiated simply because the suspect is later found innocent. *See* United States v. Covelli, 738 F.2d 847, 854 (7th Cir.), *cert. denied*, 469 U.S. 867 (1984).

The Plaintiff does not allege that her prosecution was started for some improper reason. Nor does she refute the defendant's claim that her eyes were bloodshot and glassy or that she failed the field sobriety test. She relies solely on a blood test that was taken hours after the defendant stopped her car. Thus, in the absence of malice and no showing of a lack of probable cause, the Plaintiff has failed to state a claim upon which relief can be granted.

When a Plaintiff proceeding in forma pauperis, as is the case here, fails to state a claim, the Court is obliged to dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
United States District Judge